STATE OF MAINE *vs.* GILBERT M. DAY.

Knox. Opinion December 19, 1882.

*Indictment. Pleading.*

An indictment alleging that a charter election was duly held in a certain ward in Rockland on the seventh of March, 1881, "and duly continued until and including the tenth of March aforesaid," and charging that D did then and there

knowingly, illegally "vote at the said election," without otherwise designating the day on which the offence was alleged to be committed, is bad.

ON EXCEPTIONS.

The opinion states the case.

*H. B. Cleaves*, attorney general, for the state.

*C. E. Littlefield*, for the defendant.

BARROWS, J.  On demurrer.  The indictment alleges that "a meeting of the inhabitants qualified to vote, of ward one in Rockland in the county of Knox, for the election of one alderman and three common councilmen, on the seventh day of March in the year of our Lord one thousand eight hundred and eighty-one, was then and there duly holden, *and was then and there duly continued until and including the tenth day of March aforesaid*," and "that Gilbert M. Day of Rockland in the said county of Knox, well knowing himself then and there not to be a qualified voter in said Rockland then and there where he had no legal right to vote, did vote at the said election for the officers aforesaid against the peace," &c.  The indictment is fatally defective in not alleging with precision the day upon which the state claims that the offence was committed.  It is essential that the time of the alleged commission of an offence should be stated in the indictment or complaint with precision and certainty.  *State* v. *Baker*, 34 Maine, 52; *Commonwealth* v. *Adams*, 1 Gray, 483.

The word "then" by which alone, or in conjunction with the words "at said election," it is attempted to fix the time in this indictment, may refer to either of the four days from the seventh to the tenth of March, inclusive, upon which it is alleged that the meeting for the election was duly held.  The allegation as to time is quite as uncertain as that in *State* v. *Baker*, *supra*.

The necessity of precision in the allegations as to time and place in criminal proceedings is recognized also in *State* v. *Thurstin*, 35 Maine, 206; *State* v. *Jackson*, 39 Maine, 296; (citing 3 Missouri, 61,) and *State* v. *Hurley*, 71 Maine, 355.

The authorities first above cited, however, and those referred to in them, will suffice to establish it as a fixed rule of criminal pleading, that "no indictment whatsoever can be good without

precisely showing a certain year and day of the material facts alleged in it."

This may be important to the defendant, as he might be able to show an *alibi*, or otherwise impeach the testimony in support of the prosecution, as to one day and not as to another; and when the precise day is alleged with certainty, if the government testimony varies from it, it is always regarded as a ground for postponing the trial, if the defence is thereby embarrassed or taken at a disadvantage. But if looseness in the allegation were permitted, he would be required to meet any testimony which might be offered under it, however much he might be surprised in the important particulars of time and place. By the laws respecting the charter election, it appears that different ballotings on different days may have been had "at said election." The defendant was entitled to have the day specified in the indictment.

*Exceptions and demurrer sustained.*
*Indictment quashed.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.